United States District Court
Southern District of Texas

**ENTERED**

October 14, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ERIK FRANCISCO MARTINEZ-MARTINEZ** | § | |
|     **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:16-185** |
| | § | **Criminal No. B:15-694-1** |
| **UNITED STATES OF AMERICA,** | § | |
|     **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 25, 2016, Petitioner Erik Francisco Martinez-Martinez filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings. Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS. After conducting that review, the Court **RECOMMENDS** that the petition be denied, because it is legally meritless.

## I. Procedural and Factual Background

On August 11, 2015, a federal grand jury – sitting in Brownsville, Texas, – indicted Martinez-Martinez for illegally re-entering the United States after having been previously deported[1], a violation of 8 U.S.C. §§1326(a) and 1326(b). U.S. v. Martinez-Martinez, Criminal No. 1:15-694-1, Dkt. No. 6 (hereinafter "CR").

### A. Rearraignment

On September 9, 2015, Martinez-Martinez appeared before the Magistrate Judge and pled guilty – without a written plea agreement – to illegally re-entering the United States. CR Dkt. No. 14.

---

[1]  While the indictment alleged that Martinez-Martinez had been convicted of a felony, that prior felony conviction is a sentencing factor, not an element of the offense under 8 U.S.C. § 1326. U.S. v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007). Accordingly, the inclusion of the allegation of a prior felony was "mere surplusage." U.S. v. Granados, 355 Fed. App'x. 823 (5th Cir. 2009)(unpubl.).

On that same day, the Magistrate Judge issued a report and recommendation, which recommended that the District Judge accept Martinez-Martinez's plea of guilty. CR Dkt. No. 14.

**B. Sentencing**

In the final presentence report ("PSR"), Martinez-Martinez was assessed a base offense level of eight for unlawfully re-entering the United States. CR Dkt. No. 19, p. 4. Martinez-Martinez was also assessed an additional 16-level enhancement because he had a prior felony conviction for a "crime of violence," specifically a 2003 Texas state conviction for robbery. Id.  Martinez-Martinez received a three-level reduction for acceptance of responsibility. Id., p. 5.  Thus, Martinez-Martinez was assessed a total offense level of 21.

Regarding his criminal history, Martinez-Martinez had four adult criminal convictions and was assessed six criminal history points. CR Dkt. No. 19, pp. 5-7.  Martinez-Martinez was assessed an additional two criminal history points because he was on federal supervised release at the time that he committed the instant offense. Id.  Thus, Martinez-Martinez was assessed eight total criminal history points, resulting in a criminal history category of IV. Id. Based upon Martinez-Martinez's offense level of 21 and criminal history category of IV, the presentence report identified a guideline sentencing range of 57 to 71 months of imprisonment. Id., p. 10.

On September 30, 2015, the District Judge adopted the Magistrate Judge's report and recommendation, accepting Martinez-Martinez's guilty plea. CR Dkt. No. 16.

On January 26, 2016, the District Court sentenced Martinez-Martinez to 57 months of imprisonment, three years of unsupervised release, and a $100 special assessment fee, which was remitted. CR Dkt. No. 26.  The judgment was entered on February 8, 2016. Id.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal.  A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Martinez-Martinez's deadline for filing a notice of direct appeal passed on February 22, 2016. Id.

**C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On July 25, 2016, Martinez-Martinez timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Martinez-Martinez asserts that his sentence was unlawfully enhanced under the Armed Career Criminal Act ("ACCA") because he was subject to the residual clause that was deemed unconstitutional in Johnson v. U.S., 135 S. Ct. 2551 (2015). Dkt. No. 1.  He also asserts that his lawyer was ineffective for not raising this argument at sentencing. Id.

Pursuant to Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS, because the petition is meritless on its face, the Court has not ordered the Government to respond to the petition.

**II. Applicable Law**

**A. Section 2255**

Martinez-Martinez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

After a petitioner's conviction becomes final, the Court is entitled to presume that he stands fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).

A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing that the error constituted a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. U.S., 368 U.S. 424, 428 (1962).  A claim of ineffective

assistance of counsel, however, is properly raised in the first instance in a § 2255 petition, because it raises an issue of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325 (5th Cir. 2002).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, a petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. If a petitioner fails to prove one prong, it is not necessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39,41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Martinez-Martinez's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration despite their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying this standard, neither the record – nor the law – support Martinez-Martinez's claim.

4

### A. <u>Johnson</u> is Inapplicable

Martinez-Martinez asserts that he is entitled to habeas relief in light of the recent Supreme Court decision <u>Johnson v. U.S.</u>, 135 S. Ct. 2551 (2015).  In <u>Johnson</u>, the Supreme Court reviewed the lower court's application of 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA").  The ACCA requires a 15-year mandatory minimum term of imprisonment for anyone who violates § 922(g), having three or more prior convictions for a "serious drug offense" or a "violent felony." § 924(e)(1).  The ACCA defines a "violent felony" as any crime that "is burglary, arson, or extortion, involves the use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>" § 924(e)(2)(B) (emphasis added).  The just-quoted and underlined portion of § 924 has been referred to as the Act's residual clause. <u>Johnson</u>, 135 S. Ct. at 2556.

Ultimately, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause is a violation of due process. <u>Johnson</u>, 135 S. Ct. at 2557 (reasoning that the residual clause was unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges.").  The Supreme Court has confirmed the retroactivity of <u>Johnson</u> as applied to the ACCA. <u>See</u> <u>Welch v. U.S.</u>, 136 S. Ct. 1257 (2016) (holding that "<u>Johnson</u> announced a new substantive rule that has retroactive effect in cases on collateral review").

While this is the theory urged by Martinez-Martinez, none of it applies to his case. Martinez-Martinez was not sentenced under the ACCA, which applies only to convictions for unlawfully possessing a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e).  Instead, he was convicted of violating 8 U.S.C. §§1326(a) and 1326(b). CR Dkt. No. 6.  Furthermore, the court did not apply any enhancement in relation to the use or possession of a firearm. CR Dkt. No. 19.  Therefore, regardless of its retroactive application, the holding in <u>Johnson</u> does not directly provide Martinez-Martinez with a vehicle for relief.

Given that <u>Johnson</u> is inapplicable, Martinez-Martinez's attorney was not ineffective for failing to object. <u>See</u> <u>Koch v. Puckett</u>, 907 F.2d 524, 527 (5th Cir.1990) ("counsel is not required to make futile motions or objections.").  This claim should be denied.

### B.  Gonzalez-Longoria Affords No Relief

Martinez-Martinez makes the related argument that he is entitled to habeas relief because the Supreme Court's analysis of the residual clause in Johnson applies equally to the term "crime of violence" as contained in 18 U.S.C. § 16. Dkt. No. 1.  Section 16 defines a "crime of violence" as

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

A Fifth Circuit panel addressed this issue in U.S. v. Gonzalez-Longoria, 813 F.3d 225 (5th Cir. 2016).  The panel concluded that the statutory definition of "crime of violence" found at 18 U.S.C. § 16 is also unconstitutionally vague, because it "requires courts both to imagine an ordinary/archetypical case and then to judge that imagined case against [an] imprecise standard." Gonzalez, 813 F.3d at 235.  Any relief that Martinez-Martinez may have found in that decision, was short-lived; the panel opinion was withdrawn and the case was considered by the Fifth Circuit en banc.[2]

The Fifth Circuit, sitting en banc, unequivocally held that "18 U.S.C. § 16(b) is not unconstitutionally vague." U.S. v. Gonzalez-Longoria, — F.3d —, 2016 WL 4169127, at *1 (5th Cir. Aug. 5, 2016) (en banc).  Thus, Martinez-Martinez finds no relief under Gonzalez-Longoria.[3]  As discussed further below, despite Martinez-Martinez's continued focus upon

---

[2] 813 F.3d 225 (5th Cir. 2016)(discussing the application of U.S.S.G. § 2L1.2(b)(1)(c), 8 U.S.C. § 1101(a)(43), and 18 U.S.C. § 16, and finding 18 U.S.C. § 16 to be unconstitutionally vague), reh'g en banc ordered, 815 F.3d 189.

[3] The Court notes that the Supreme Court has granted a writ of certiorari to determine if § 16(b) is constitutional. Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911, at *1 (U.S. Sept. 29, 2016); see also Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015) (holding § 16(b) to be unconstitutionally vague).  The mere granting of certiorari does not relieve this Court of its

the "crime of violence" language as set forth in the ACCA and in 18 U.S.C. § 16(b), his sentence was not enhanced pursuant to either.  Instead, Martinez-Martinez's sentence was enhanced pursuant to the term "crime of violence," as defined in the sentencing guidelines.[4]

Given that § 16(b) was inapplicable to his case, Martinez-Martinez's attorney was not ineffective. Koch, 907 F.2d at 527.  Again, this claim should be denied.

### C.  Sentencing Guidelines Enhancement

An examination of Martinez-Martinez's sentence clearly shows that there was no error.  Pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), a 16 level enhancement was added to Martinez-Martinez's offense level, because he had a prior felony conviction for a crime of violence. CR Dkt. No. 19.

Martinez-Martinez was convicted of second-degree robbery, pursuant to Tex. Penal Code § 29.02, in 2003. CR Dkt. No. 25, p. 1.  Robbery is a specifically enumerated crime of violence under the sentencing guidelines. Application Note 1(B)(iii) of Sentencing Guideline § 2L1.2  The Fifth Circuit has held that a conviction for robbery under Texas law meets the definition of a crime of violence found in the Sentencing Guidelines. U.S. v. Ortiz-Rojas, 575 F. App'x 494, 495 (5th Cir. 2014) (unpubl.) (citing U.S. v. Santiesteban–Hernandez, 469 F.3d 376 (5th Cir.2006), abrogated on other grounds by U.S. v. Rodriguez, 711 F.3d 541, 548 (5th Cir. 2013)).  Thus, Martinez-Martinez's sentence enhancement was not based upon a vague residual clause, but rather was the result of  a specifically enumerated crime, that the Fifth Circuit has previously held is a crime of violence.  Accordingly, the 16-level enhancement was proper and Martinez-Martinez's claim is meritless.

---

responsibility to apply binding Fifth Circuit precedent.  Unless and until the Supreme Court overrules Fifth Circuit precedent, this Court is bound by it. Castro-Jiminez v. Bulger, 104 F. App'x 440, 441 (5th Cir. 2004) (unpubl.) (citing Wicker v. McCotter, 798 F.2d 155, 157-58 (5th Cir. 1986)).

[4] The Court notes that the definition of "crime of violence," in the sentencing guidelines is substantively identical to the definition found at 18 U.S.C. § 16(a), which has never been constitutionally attacked. U.S. v. Dominguez-Hernandez, 98 F. App'x 331, 334 (5th Cir. 2004) (unpubl.).

Given that the sentencing enhancement was proper, again, Martinez-Martinez's attorney was not ineffective for failing to object. Koch, 907 F.2d at 527. Accordingly, this claim should be denied.

## IV.  Recommendation

WHEREFORE it is **RECOMMENDED** that the Petitioner Erik Francisco Martinez-Martinez's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DENIED** as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Martinez-Martinez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Martinez-Martinez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

**B. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on October 14, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge